### ORAN HACKET v. F. LENARES and T. J. BUFFINGTON.

The exception of *lis pendens* is only admissible when another action is pending between the same parties, for the same object and growing out of the same cause of action, before the same tribunal or one of concurrent jurisdiction. It is necessary that the parties to the suit pleaded as *lis pendens* should be the same, otherwise the exception should be overruled.

In a suit between accommodation endorsers of a promissory note, where the second endorser *sought* to render the maker and first endorser liable to him *in solido* after payment of the note, and the first endorser alleged that he and the second endorser had signed the note as co-sureties—*Held :* That the maker was a competent witness to establish the contract of suretyship between the endorsers of his note for his own accommodation.

In a suit between the endorsers of a promissory note the fact that the second endorser was the endorser of a preexisting note for which this note was given in renewal, does not affect the liability of the first endorser on the note in controversy.

APPEAL from the District Court of the Parish of E. Baton Rouge, *Avery, J. J. R. Brunot,* for plaintiff and appellant. *Dunn & Herron,* for appellees.

LAND, J. The plaintiff, the second endorser of a promissory note, having been sued in the same action with the maker, *Felix Lenares,* and the first endorser, *T. J. Buffington,* and having paid the judgment rendered in favor of the holder

in the suit on the note, instituted the present action against the maker and first endorser *in solido* to recover the full amount of the judgment, interest and costs, which he had paid in the suit aforesaid.

HACKET
*v.*
LENARES & Co.

The first endorser, after pleading in *limine litis* the exception of *lis pendens*, which was overruled, filed his answer to the petition, and averred therein that he and the plaintiff had endorsed the note as *co-sureties* for the accommodation of the maker, and that the plaintiff in no event had the right to recover of him more than one half of the debt which he had paid ; and further he pleaded a tender of the amount acknowledged in his answer to be due, and deposited the same in court in satisfaction of the plaintiff's admitted demand.

On the trial in the court below, the plaintiff reserved a bill of exceptions to the testimony of *Felix Lenares*, the maker of the note, offered by the defendant for the purpose of proving the alleged contract of suretyship between the endorsers, and thereby to exclude the operation of the *lex mercatoria* as to the liability of the first endorser to the second for the whole amount of the note ; and the plaintiff insists in this court that his bill of exceptions was well taken, and that the testimony should have been excluded.

The District Judge sustained the defence of suretyship on the testimony of the maker of the note, and rendered judgment against the first endorser for only one half of the debt.

The questions presented for our decision in the case are :

*First.* Whether the exception of *lis pendens* was admissible and should have been sustained.

*Secondly.* Whether the maker of the note was a competent witness to prove the contract of suretyship between the endorsers.

And *Thirdly.* If the maker is a competent witness, whether his testimony is sufficient to establish the alleged contract.

I. The exception of *lis pendens* was properly overruled. It appears that when the holder of the note, *F. R. Brunot*, instituted the suit above mentioned against the maker and endorsers, *T. J. Buffington* filed to the plaintiff's petition, an exception, which was still undecided at the time of the commencement of this suit by the second endorser, who had paid the judgment obtained by the holder of the note ; and that the suit of *Brunot* is the one pleaded as *lis pendens*. This exception is only admissible when another action is pending between the same parties, for the same object, and growing out of the same cause of action, before the same tribunal or one of concurrent jurisdiction. But the parties to the suit pleaded as *lis pendens*, are different from those between whom the present action is pending. The plaintiff in the first suit is no party to this action. C. P. Art. 335, *Ingram* v. *Richardson*, 2 An. 839.

II. The maker of the note was a competent witness to prove the alleged contract of suretyship between the endorsers, because it was a question in which he had no interest either directly or indirectly ; his liability was the same whether the contract of suretyship existed or not between the endorsers of his note, for his own accommodation.

III. The evidence of the maker is insufficient to prove the existence of a contract of suretyship, and to take the endorsement of *Buffington* out of the operation of the commercial law, which binds him for the payment of the whole amount of the note to the second endorser.

This evidence shows that the plaintiff consented to endorse the note for the maker, upon condition that *Buffington* should become the first endorser ; and the

fact that the note was given in renewal of a preëxisting note then due, and on which the plaintiff was bound as endorser, does not affect the legal liability of *Buffington* resulting from his first endorsement of the note which is now in controversy.

The judgment of the lower court is correct as to the maker, *Felix Lenares*, but is erroneous as to the second endorser, *T. J. Buffington*, and must be amended.

For the reasons assigned it is ordered, adjudged and decreed, that the judgment of the lower court as between the plaintiff and *Felix Lenares* be affirmed ; and it is further ordered adjudged and decreed, that said judgment as between the plaintiff and *T. J. Buffington* be avoided and reversed, and that said plaintiff recover of said *Buffington* the sum of six hundred and thirty-six dollars with interest thereon at the rate of eight per cent per annum from the 6th day of May 1858, until paid, with costs in both courts.